IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO.: 5:13-CR-56-1BO

| UNITED STATES OF AMERICA | |
|---|---|
| v. | DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE |
| ROBERT B. MINISH, | |

NOW COMES the Defendant, Robert Minish, by and through undersigned counsel, and hereby submits this Sentencing Memorandum for the Court's consideration. The Defendant wishes to address objections to the Presentence Report and respectfully moves this Court for a downward variance.

**Defendant's Objections to Presentence Report**

Counsel directs the Court's attention to Paragraph 50 of the pre-sentence report. The item at issue that the Government contends is a destructive device is an inert practice or "dummy" grenade which 26 U.S.C.5845(f) excludes under the definition of destructive device. (Exhibit "A"-Affidavit of Robert Minish).

As noted in paragraph 15 of the Report, there is no evidence that this inert practice grenade came into the possession of the defendant through his employment with or any theft from LESS or LESO. These entities never possessed or issued grenades on behalf of DOD or any programs through which LESS or LESO would have come into possession of these devices. The possession of this practice grenade was wholly unconnected to the theft offense for which the

defendant pled guilty. The practice grenade was not part of the same course of conduct or common scheme or plan as the offense of conviction and, therefore, cannot properly be used to determine the offense level or enhance the Defendant's sentence.

Furthermore, the plea agreement between the Defendant and the Government stipulates that the offense did not involve a firearm described in 21 U.S.C. § 5845(a). As stated in Federal Rule of Criminal Procedure 11(c)(1)(C), when, as in this case, the parties agree that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply, such a recommendation or request binds the court once the court accepts the plea agreement. If the court accepts the plea agreement at sentencing, the stipulation should be applied under this rule.

Defendant also contends that all firearms were possessed solely for lawful sporting purposes or collection.

Pursuant to the lawful sporting purposes provision of U.S.S.G. §2K2.1(b)(2) which provides:

> "If the defendant, other than a defendant subject to subsection(a)(1), (a)(2),(a)(3),(a)(4), or (a)(5), possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition, decrease the offense level determined above to level 6."

The Defendant came into possession of several firearms from his employment with LESS. He possessed these for target/sport shooting and for collection purposes. There is no evidence that he possessed these firearms with the intent to commit unrelated crimes or other criminal enterprises. Defendant and numerous other employees of LESS often would use government firearms, issued to LESS or LESO from the DOD, for target practice and shooting competitions. On more than one occasion, Defendant and others would "check out" firearms and use them in sport shooting

competitions open to them as members of the law enforcement community. This type of otherwise lawful use triggers the application of 2K2.1(b)(2).

Regardless of the manner in which Defendant came into possession of these six firearms, the possession was for lawful sporting purposes

## Section 3553 (a)(2) Factors

The Defendant respectfully moves the Court to grant a downward variance from the Guideline sentence range established at sentencing. The sentencing judge must consider all of the factors enumerated in 18 U.S.C. § 3553(a) and may not presume the Guidelines sentence as being reasonable. The Court must make an individualized assessment based on the totality of facts presented. This process should be done with a view towards Section 3553's overarching directive that the court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection. 18 U.S.C. § 3553(a)

Those purposes are:

> (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) To afford adequate deterrence to criminal conduct;
> (C) To protect the public from further crimes of the defendant; and
> (D) To provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner

Seriousness of the offense: Every felony violation of federal law is a serious matter. Accordingly, it is necessary to impose punishment proportionate to the seriousness of the crime. The purpose of section 2K2.1(b)(2) is "clearly intended to punish innocent possession and use of a firearm less severely, and improper use more severely." *Mojica*, 214 F.3d at 1172 (quoting United States v. Jones 158 F.3d 492, 501 (10th Cir. 1998)).

Imprisonment is not the only form of punishment. As Justin Stephens stated in *United States v. Gall,* 522 U.S. at 48, probation is an alternative form of punishment: one where a probationer's travel is restricted, his associations are regulated, he is subject to random searches of his person and premises, and is subject to "special conditions" such as required mental health treatment. *Gall*, 522 U.S. at 48. These same goals can be met through a period of supervised release where the Defendant's activities, associations and travel are restricted and regulated.

Affording adequate deterrence: Active incarceration has a deterrent effect, but again, it is not the only form of punishment to have a deterrent effect. The question is whether the specific punishment imposed has an adequate deterrent effect. As in the case of adequate punishment, a period of supervised release is adequate punishment with corresponding loss of personal freedoms and valuable civil rights.

As Senior United States District Court Judge John Kane of Colorado noted, "[t]he driving force of general deterrence is certainty, not severity or length of punishment." *United States v. Brownfield*, 08-cr-00452-JLK (D. Col. 2008). [I]mposing an unnecessarily severe or inappropriate sentence . . . will achieve no appreciable benefit in general deterrence." Id. We respectfully submit that in the instant case, this goal can be adequately addressed by a sentence that does not require further imprisonment.

Protection from the Public: The Defendant poses no threat of recidivism. His criminal convictions result in a total criminal history score of I according to the sentencing table in the United States Sentencing Guidelines Chapter 5 Part A.

Defendant respectfully moves the Court to allow a downward variance from the Guideline range established at sentencing and for the imposition of a probationary sentence.

## CONCLUSION

The Defendant respectfully moves the court to grant Downward Variance from the Guideline range established at sentencing to a probationary sentence. His behavior in this offense is uncharacteristic of an otherwise honorable and law abiding life. He possessed firearms for lawful purposes such as gun colleting and target shooting. The Defendant does not represent a risk of flight or danger to the community; the chances of recidivism are low. He has accepted responsibility for his actions. The Defendant, therefore, respectfully asks the court to grant a Downward Variance and sentence the Defendant to a term of Probation.

Respectfully submitted this 7th day of November, 2013.

/S/John K. Fanney
JOHN K. FANNEY
Attorney for Defendant
Fanney Law Office, PLLC
P.O. Box 1350
Raleigh, North Carolina 27602
Telephone: 919-617-7009
Fax: 919-324-6617
Email: john@fanneylaw.com
N.C. State Bar No. 18185

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon:

Mr. Tobin Latham
Assistant United States Attorney
Suite 800, Federal Building
310 New Bern Avenue
Raleigh, NC 27601-1461

by electronically filing the foregoing with the Clerk of Court on November 7th, 2013 using the CM/ECF system which will send notification of such filing to the above.

This the 7th day of November, 2013

/s/John K. Fanney
JOHN K. FANNEY
Attorney for Defendant
Fanney Law Office, PLLC
P.O. Box 1350
Raleigh, North Carolina 27602
Telephone: 919-617-7009
Fax: 919-324-6617
Email: john@fanneylaw.com
N.C. State Bar No. 18185